UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYLER JOLLY FISHER,              ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                                              ) | No. 1:24-cv-00232-JPH-MG |
| ) | |
| WDRB NEWS (KENTUCKY),         ) | |
| ) | |
| Defendant.       ) | |

**ORDER**

Mr. Tyler Fisher filed a complaint against WDRB News (Kentucky) for defamation. Dkt. 2. That complaint does not contain jurisdictional allegations. *See id.* Additionally, Mr. Fisher's motion to proceed *in forma pauperis* is incomplete. Dkt. 3.

**I.
Denying *in forma pauperis* status as presented**

Plaintiff Fisher's motion to proceed *in forma pauperis* is **DENIED** as presented. Dkt. [3]. Because Mr. Fisher is a prisoner as defined in 28 U.S.C. § 1915(h), he must submit a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of his complaint on February 2, 2024. 28 U.S.C. § 1915(a)(2). Mr. Fisher did file a certificate of a trust fund account, dkt. 3-2, but that statement does not have numerical values for the trust fund balance or monthly deposits or balances for the last six months. Mr. Fisher shall have until **March 7, 2024,** to renew his

1

motion to proceed *in forma pauperis* with a copy of a completed trust account statement. Otherwise, he must pay the filing fee.

## II.
## Jurisdiction

Federal courts are courts of limited jurisdiction. To hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Fisher's form complaint does not include specific jurisdictional allegations. Dkt. 2. Nor does it allege a violation of a federal statute or

2

constitutional violation so there is no federal-question jurisdiction. Dkt. 2; 28 U.S.C. §1331. The defendant here does not appear to be a government actor — but rather a privately-owned news network.[1]

Mr. Fisher's complaint, therefore, would have to come within the Court's diversity jurisdiction. To invoke diversity jurisdiction, the complaint must allege that Mr. Fisher and WDRB NEWS (KENTUCKY) ("WDRB") are citizens of different states and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The complaint indicates that Mr. Fisher resides at Pendleton Correctional Facility in Pendleton, Indiana, that WDRB appears to do business in Kentucky, and that he seeks compensatory damages. Dkt. 2 at 7, 10. These allegations are not specific enough to establish the citizenship of Mr. Fisher or WDRB. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (for diversity jurisdiction purposes a prisoner is a citizen of "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."); *Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018) (for diversity jurisdiction purposes "the citizenship of a corporation is its state of incorporation and its principal place of business, not its headquarters.").

Therefore, the complaint as it was filed does not contain sufficient information for the Court to determine if it has jurisdiction over Mr. Fisher's claims. Mr. Fisher shall have **through March 7, 2024,** to file an amended

---

[1] WDRB Media, About Us (accessed February 6, 2024), https://www.wdrb.com/site/about.html.

complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show either (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another basis for the Court's jurisdiction.

Additionally, if Mr. Fisher chooses to amend his complaint, he must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied when the Complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as opposed to just "naked assertions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If Mr. Fisher does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

### III.
### Conclusion

Mr. Fisher's motion to proceed *in forma pauperis* is **DENIED** as presented. Dkt. [3]. Mr. Fisher shall have until **March 7, 2024,** in which renew his motion to proceed *in forma pauperis* with a copy of a completed trust account statement. Otherwise, he must pay the filing fee. The **clerk shall** include a form motion to proceed *in forma pauperis* with Mr. Fisher's copy of this order.

Because Mr. Fisher's complaint appears to lack subject-matter jurisdiction, his motion for service is also **DENIED**. Dkt. [5].

4

Mr. Fisher shall have **until March 7, 2024,** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Any amended complaint should have the proper case number, 1:24-cv-00232-JPH-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  If Mr. Fisher files an amended complaint, the amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the civil complaint form along with the plaintiff's copy of this Order. If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).

If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 2/8/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYLER JOLLY FISHER
294145
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only